Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
*Additional Counsel Listed on Signature page*

UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BEHRENS, *on behalf of himself and others similarly situated*,<br>　　　　　　　　　　　　Plaintiff,<br>　　　　v.<br><br>MLB ADVANCED MEDIA, L.P.,<br>　　　　　　　　　　　　Defendant. | **COMPLAINT – CLASS/COLLECTIVE ACTION**<br><br>JURY TRIAL DEMANDED<br><br>FILED ELECTRONICALLY ON APRIL 6, 2018 |

　　　　Robert Behrens ("Plaintiff") brings this hybrid class/collective action lawsuit against MLB Advanced Media, L.P. ("Defendant"), seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and certain New York wage statutes and regulations. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his New York claims are asserted as a class action under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

　　　　1.　　Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

　　　　2.　　Jurisdiction over the New York claims is proper under 28 U.S.C. § 1367.

　　　　3.　　Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

　　　　4.　　Plaintiff resides at 412 Tall Oak Lane, Hillsborough, NJ.

　　　　5.　　Defendant is a corporate entity headquartered at 75 Ninth Avenue, 5th Floor, New

York, NY 10011.

6. Plaintiff is an employee covered by the FLSA and the New York wage statutes and regulations referenced herein.

7. Defendant is engaged in commerce and, furthermore, employs individuals engaged in the production of goods for commerce and/or handling, selling, or working on goods or materials that have been moved in or produced in commerce.  As such, Defendant is an employer covered by the FLSA.  Defendant also is an employer under the New York wage statutes and regulations referenced herein.

## FACTS

8. Defendant describes itself as follows on the Major League Baseball website:

> New York City's largest born-and-bred tech startup, MLB Advanced Media (MLBAM) is a full service solutions provider delivering world-class digital experiences for more than 16 years and distributing content through all forms of interactive media. Its digital leadership and capabilities are a direct result of an appreciation for designing dynamic functionality for web, mobile applications, and connected devices while integrating live and on-demand multimedia, providing valuable products for millions of fans around the globe. MLBAM also develops, deploys and distributes the highest-grossing sports app, At Bat.

http://www.mlb.com/careers/mlbam/

9. Defendant primarily operates out of offices in New York, NY and Secaucus, NJ.

10. Plaintiff was employed by Defendant from approximately 2010 until approximately May 2016.

11. Throughout Plaintiff's employment, Defendant compensated him through a combination of hourly and piece-rate pay.  In particular, Plaintiff was paid approximately $20/hour for time spent performing most of his job duties.  However, in addition to his hourly work, Plaintiff spent time "logging" and "cutting" video footage of Major League Baseball

games. Plaintiff was paid for this additional work on a piece-rate basis of $85 per game.

12. In the absence of discovery, Plaintiff estimates that, *at any point in time*, Defendant would employ over 130 individuals who, like Plaintiff, are paid through a combination of hourly and piece rates. We will call these individuals "hourly/piece-rate employees."

13. Plaintiff and other hourly/piece-rate employees often worked over 40 hours per week. For example, Plaintiff estimates that, during the baseball season, he typically worked 43-47 hours per week when his hourly work was combined with his piece-rate work.

14. Under the FLSA and New York law, employees are entitled to overtime premium pay calculated an "one and one half times the regular rate of pay for any hours worked in excess of forty per week." Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 200 (2d Cir. 2013). Moreover, an employee's right to overtime pay is determined based on the ***total combined*** number of hours the employee spends performing any type of work, regardless of whether the work is paid on an hourly or a piece-rate basis. See, e.g., 29 C.F.R. § 778.103; accord 12 N.Y.C.R.R. § 142-2.2 (adopting the FLSA's "manner and methods" for determining overtime pay). When an employee performs both hourly and piece-rate work during the same week, the extra overtime pay is determined by: (i) dividing the total weekly pay (inclusive of hourly pay and piece-rate pay) by the total work hours (inclusive of hourly work and piece-rate work) to create a "regular rate" for the week, and then (ii) making an extra overtime payment equaling half the "regular rate" for each hour worked over 40. See 29 C.F.R. §§ 778.109, 778.111(a).

15. Defendant broke the above rules. In determining whether Plaintiff and other hourly/piece-rate employees worked over 40 hours during a particular week, Defendant, as a

matter of policy, failed to combine the employee's time spent on tasks associated with hourly pay with time spent on tasks associated with piece-rate pay. For example, under Defendant's policy, an hourly/piece-rate employee would receive no overtime premium pay if she worked 37 hours on tasks associated with her hourly pay and 10 hours on tasks associated with her piece-rate pay. This is so even though the employee worked a combined total of 47 hours during the week.

16. As a result of the above pay policy, Plaintiff almost never received overtime premium pay even though, during much of the year, he typically worked 43-47 hours per week.[1]

17. In failing to pay the overtime premium to Plaintiff and other hourly/piece-rate employees whose total combined hours exceed 40 per week, Defendant has demonstrated a willful disregard for longstanding FLSA principles and has demonstrated a lack of good faith in complying with the overtime pay provisions of New York law.

18. Moreover, upon being hired by Defendant, Plaintiff and other hourly/piece-rate employees do not receive from Defendant any written explanation of their right to overtime pay during weeks in which their total combined hourly and piece-rate work exceeds 40 hours. Also, because Defendant, as a matter of policy, fails to factor piece-rate compensation into the "regular rate" used to calculate overtime pay, Plaintiff and other hourly/piece-rate employees never received any valid explanation of their "regular" or "overtime" pay rates.

19. Every two weeks, Defendant provides pay statements to Plaintiff and other hourly/piece-rate employees. However, consistent with Defendant's pay policies, these biweekly statements: (i) do not quantify the hours spent performing piece-rate work during each week; (ii)

---

[1] Plaintiff would receive overtime pay only if his hourly work, standing alone, exceeded 40 hours. However, even on these occasions, Plaintiffs would receive no overtime credit for time associated with his piece-rate work.

4

incorrectly state the total work hours during weeks in which piece-rate work is performed; and (iii) incorrectly state the "regular rate" during overtime weeks in which piece-rate work is performed.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings his FLSA claim as a collective action on behalf of all individuals who, during any week within the past three years, has been employed by Defendant in the United States and paid through a combination of hourly and piece-rate pay. Meanwhile, Plaintiff brings his New York claims as a class action on behalf of all individuals who, during any week within the past six years, has been employed by Defendant in New York and paid through a combination of hourly and piece-rate pay.

21. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common payroll policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

22. Class action treatment of Plaintiff's NYLL claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

23. The class, upon information and belief, includes well over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

24. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

25. Plaintiff and his lawyers will fairly and adequately represent the class members

and their interests.

26. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common payroll policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

27. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Unpaid Overtime Under the FLSA)

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The FLSA requires employers to pay employees overtime premium compensation calculated at 150% of their regular pay rate for hours worked over 40 per week. See 29 U.S.C. § 207(a)(1).

30. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

## COUNT II
### (Unpaid Overtime Under the New York Minimum Wage Act)

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The New York Minimum Wage Act, NYLL §§ 550, et al., empowers the New York State Commissioner of Labor to implement regulations entitling employees to overtime premium pay. See generally Rocha v. Bakhter Afghan Halal Kababs, Inc., 44 F. Supp. 3d 337, 352-59 (E.D.N.Y. 2014). Pursuant to this authority, the Commissioner has enacted a regulation

that mirrors the FLSA's mandate that employees receive overtime premium compensation calculated at 150% of their regular pay rate for hours worked over 40 per week. See 12 N.Y.C.R.R. § 142-2.2.

33. Defendant violated the New York law by failing to pay Plaintiff and the class overtime premium compensation for all hours worked over 40 per week.

## COUNT III
**(Improper Wage Notices and Statements Under the New York Wage Theft Prevention Act)**

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The New York Wage Theft Prevention Act ("NYWTPA") requires that, at the time of hiring, employers provide employees with a written explanation of, *inter alia*, his/her "regular hourly rate and overtime rate of pay." NYLL §195(1)(a). Defendant violated this requirement by failing to provide Plaintiff and other class members with any notice accurately describing the applicable regular or overtime pay rate during weeks in which both hourly and piece-rate work is performed.

36. The NYWTPA requires that, "with every payment of wages," employers provide employees with a wage statement describing, *inter alia*, "their regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." NYLL §195(3). Defendant violated this requirement by failing to provide Plaintiff and other class members with pay stubs or other wage statements that accounted for their regular and overtime work hours (inclusive of hours spent performing piece-rate work) or their regular or overtime pay rates (inclusive of the compensation attributable to piece-rate work).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and *each* member of the class/collective, seeks the following relief:

A. Unpaid overtime wages under the FLSA and New York law;

B. Liquidated damages under the FLSA and New York law;

C. Prejudgment interest under the FLSA and New York law;

D. For each violation of NYLL §195(1)(a)'s wage notice mandate, $50.00 for each workday of each class member's employment up to a total of $2,500.00 per class member;

E. For each violation of NYLL §195(3)'s wage notice mandate, $250.00 for each workday of each class member's employment up to a total of $5,000.00 per class member;

F. Any declaratory relief deemed appropriate by the Court under NYLL § 198;

G. Litigation costs, expenses, and attorneys' fees under the FLSA and New York law; and

H. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial as to all claims so triable.

Date:  April 6, 2018                                         Respectfully,

                                                             /s/ Peter Winebrake
                                                             Peter Winebrake
                                                             Winebrake & Santillo, LLC
                                                             715 Twining Road, Suite 211
                                                             Dresher, PA 19025
                                                             (215) 884-2491
                                                             pwinebrake@winebrakelaw.com

8

James Goodley (*pro hac vice* admission anticipated)
Jennings Sigmond, P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0613
jgoodley@jslex.com

*Plaintiff's Counsel*