PAUL DECAMP (admitted *pro hac vice*)
MAXINE A. ADAMS
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C.  20037
Tel:  202-861-0900
Fax: 202-296-2882
PDeCamp@ebglaw.com
Madams@ebglaw.com

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BEHRENS, *on behalf of himself and others similarly situated*,<br><br>       Plaintiff,<br><br>   v.<br><br>MLB ADVANCED MEDIA, L.P.,<br><br>       Defendant. | Case No. 1:18-cv-03077 (PAE) |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant MLB Advanced Media, L.P. ("MLBAM") hereby submits this Answer to Plaintiff's Original Complaint—Class and Collective Action (the "Complaint") (ECF No. 1). MLBAM denies or reserves the right to challenge any assertion in the Complaint not expressly admitted in this Answer.  With respect to matters in this Answer that may constitute a legal defense, MLBAM reserves the right to argue that Plaintiff bears the burden of proof as to some or all of those matters.  Items in italics below denote matter quoted from the Complaint.

### *JURISDICTION AND VENUE*

1.      *Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.*

**Response:**     MLBAM admits the allegation in Paragraph 1 of the Complaint that this Court has subject matter jurisdiction over the FLSA claim.

2.     *Jurisdiction over the New York claims is proper under 28 U.S.C. § 1367.*

**Response:**     MLBAM denies the allegation in Paragraph 2 of the Complaint that this Court has supplemental jurisdiction over Plaintiff's state-law claims.

3.     *Venue in this Court is proper under 28 U.S.C. § 1391.*

**Response:**     MLBAM admits the allegation in Paragraph 3 of the Complaint that venue is proper in this Court.

### *PARTIES*

4.     *Plaintiff resides at 412 Tall Oak Lane, Hillsborough, NJ.*

**Response:**     MLBAM lacks sufficient information to form a belief as to the accuracy of the allegations in Paragraph 4 of the Complaint and on that basis denies those allegations.

5.     *Defendant is a corporate entity headquartered at 75 Ninth Avenue, 5th Floor, New York, NY 10011.*

**Response:**     MLBAM admits the allegation in Paragraph 5 of the Complaint regarding its address.  MLBAM is a limited partnership.

6.     *Plaintiff is an employee covered by the FLSA and the New York wage statutes and regulations referenced herein.*

**Response:**     MLBAM admits the allegation in Paragraph 6 of the Complaint that during his employment with MLBAM, Plaintiff was subject to the applicable terms of the FLSA and New York wage statutes and regulations.  MLBAM denies the remaining allegations of Paragraph 6.

7.     *Defendant is engaged in commerce and, furthermore, employs individuals engaged in the production of goods for commerce and/or handling, selling, or working on goods*

*or materials that have been moved in or produced in commerce.  As such, Defendant is an em-*

*ployer covered by the FLSA.  Defendant also is an employer under the New York wage statutes*

*and regulations referenced herein.*

**Response:**     MLBAM admits the allegation in Paragraph 7 of the Complaint that dur-

ing their employment, its employees are subject to the applicable provisions of the FLSA and

New York law.  MLBAM denies that this case is appropriate for class or collective action treat-

ment.  MLBAM denies the remaining allegations in Paragraph 7.

### FACTS

8.     *Defendant describes itself as follows on the Major League Baseball website:*

> *New York City's largest born-and-bred tech startup, MLB Advanced Media (MLBAM)
> is a full service solutions provider delivering world-class digital experiences for more
> than 16 years and distributing content through all forms of interactive media.  Its dig-
> ital leadership and capabilities are a direct result of an appreciation for designing
> dynamic functionality for web, mobile applications, and connected devices while in-
> tegrating live and on-demand multimedia, providing valuable products for millions of
> fans around the globe.  MLBAM also develops, deploys and distributes the highest-
> grossing sports app, At Bat.*

*http://www.mlb.com/careers/mlbam/*

**Response:**     MLBAM admits that the language quoted in Paragraph 8 of the Complaint

appears on MLBAM's website.

9.     *Defendant primarily operates out of offices in New York, NY and Secaucus, NJ.*

**Response:**     The phrase "primarily operates out of" is vague and ambiguous, and on

that basis MLBAM denies the allegations in Paragraph 9 of the Complaint.  MLBAM admits that

it has offices and conducts operations from, among other locations, New York, NY.

10.     *Plaintiff was employed by Defendant from approximately 2010 until approximate-*

*ly May 2016.*

**Response:**     MLBAM admits the allegations in Paragraph 10 of the Complaint.

3

11.     *Throughout Plaintiff's employment, Defendant compensated him through a com-bination of hourly and piece-rate pay.  In particular, Plaintiff was paid approximately $20/hour for time spent performing most of his job duties.  However, in addition to his hourly work, Plain-tiff spent time "logging" and "cutting" video footage of Major League Baseball games.  Plaintiff was paid for this additional work on a piece-rate basis of $85 per game.*

**Response:**     MLBAM admits the allegation in Paragraph 11 of the Complaint that MLBAM compensated Plaintiff through a combination of hourly and piece-rate pay.  MLBAM denies the remaining allegations in Paragraph 11.

12.     *In the absence of discovery, Plaintiff estimates that, at any point in time, Defend-ant would employ over 130 individuals who, like Plaintiff, are paid through a combination of hourly and piece rates.  We will call these individuals "hourly/piece-rate employees."*

**Response:**     MLBAM admits the allegation in Paragraph 12 of the Complaint that at various times it paid some employees through a combination of hourly and piece rates.  MLBAM denies the remaining allegations in Paragraph 12.

13.     *Plaintiff and other hourly/piece-rate employees often worked over 40 hours per week.  For example, Plaintiff estimates that, during the baseball season, he typically worked 43-47 hours per week when his hourly work was combined with his piece-rate work.*

**Response:**     MLBAM denies the allegations in Paragraph 13 of the Complaint.

14.     *Under the FLSA and New York law, employees are entitled to overtime premium pay calculated an "one and one half times the regular rate of pay for any hours worked in ex-cess of forty per week."  Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 200 (2d Cir. 2013).  Moreover, an employee's right to overtime pay is determined based on the **total combined** number of hours the employee spends performing any type of*

*work, regardless of whether the work is paid on an hourly or a piece-rate basis. See, e.g., 29*
*C.F.R. § 778.103; accord 12 N.Y.C.R.R. § 142-2.2 (adopting the FLSA's "manner and meth-*
*ods" for determining overtime pay). When an employee performs both hourly and piece-rate*
*work during the same week, the extra overtime pay is determined by: (i) dividing the total*
*weekly pay (inclusive of hourly pay and piece-rate pay) by the total work hours (inclusive of*
*hourly work and piece-rate work) to create a "regular rate" for the week, and then (ii) making*
*an extra overtime payment equaling half the "regular rate" for each hour worked over 40.*
*See 29 C.F.R. §§ 778.109, 778.111(a).*

**Response:**     Paragraph 14 of the Complaint consists of legal conclusions and thus does
not call for a response.

*15.     Defendant broke the above rules. In determining whether Plaintiff and other hour-*
*ly/piece-rate employees worked over 40 hours during a particular week, Defendant, as a matter*
*of policy, failed to combine the employee's time spent on tasks associated with hourly pay with*
*time spent on tasks associated with piece-rate pay. For example, under Defendant's policy, an*
*hourly/piece-rate employee would receive no overtime premium pay if she worked 37 hours on*
*tasks associated with her hourly pay and 10 hours on tasks associated with her piece-rate pay.*
*This is so even though the employee worked a combined total of 47 hours during the week.*

**Response:**     MLBAM denies the allegation in Paragraph 15 of the Complaint that it has
a policy concerning overtime premium pay for employees paid on a combined hourly/piece-rate
basis, but admits that it did not combine the time Plaintiff spent on tasks associated with hourly
pay with time Plaintiff spent on tasks associated with piece-rate pay. MLBAM denies that Plain-
tiff was entitled to any premium overtime compensation for time spent on tasks associated with

piece-rate pay or that MLBAM's conduct was in any way unlawful.  MLBAM denies the remaining allegations in Paragraph 15.

16.     *As a result of the above pay policy, Plaintiff almost never received overtime premium pay even though, during much of the year, he typically worked 43-47 hours per week.[1]*

**Response:**     MLBAM denies the allegations in Paragraph 16 of the Complaint.

17.     *In failing to pay the overtime premium to Plaintiff and other hourly/piece-rate employees whose total combined hours exceed 40 per week, Defendant has demonstrated a willful disregard for longstanding FLSA principles and has demonstrated a lack of good faith in complying with the overtime pay provisions of New York law.*

**Response:**     MLBAM denies the allegations in Paragraph 17 of the Complaint.

18.     *Moreover, upon being hired by Defendant, Plaintiff and other hourly/piece-rate employees do not receive from Defendant any written explanation of their right to overtime pay during weeks in which their total combined hourly and piece-rate work exceeds 40 hours.  Also, because Defendant, as a matter of policy, fails to factor piece-rate compensation into the "regular rate" used to calculate overtime pay, Plaintiff and other hourly/piece-rate employees never received any valid explanation of their "regular" or "overtime" pay rates.*

**Response:**     MLBAM denies the allegations in Paragraph 18 of the Complaint.

19.     *Every two weeks, Defendant provides pay statements to Plaintiff and other hourly/piece-rate employees.  However, consistent with Defendant's pay policies, these biweekly statements: (i) do not quantify the hours spent performing piece-rate work during each week; (ii) incorrectly state the total work hours during weeks in which piece-rate work is performed;*

---

[1]     *Plaintiff would receive overtime pay only if his hourly work, standing alone, exceeded 40 hours. However, even on these occasions, Plaintiffs would receive no overtime credit for time associated with his piece-rate work.*

*and (iii) incorrectly state the "regular rate" during overtime weeks in which piece-rate work is performed.*

**Response:**     MLBAM admits the allegation in Paragraph 19 of the Complaint that it provides pay statements to its hourly/piece-rate employees during their employment.  MLBAM denies the remaining allegations in Paragraph 19.

### CLASS/COLLECTIVE ACTION ALLEGATIONS

*20.     Plaintiff brings his FLSA claim as a collective action on behalf of all individuals who, during any week within the past three years, has been employed by Defendant in the United States and paid through a combination of hourly and piece-rate pay.  Meanwhile, Plaintiff brings his New York claims as a class action on behalf of all individuals who, during any week within the past six years, has been employed by Defendant in New York and paid through a combination of hourly and piece-rate pay.*

**Response:**     MLBAM admits the allegation in Paragraph 20 of the Complaint that Plaintiff purports to bring the action as described.  MLBAM denies that it violated the FLSA or the NYLL or that the case is appropriate for collective or class action adjudication.  MLBAM denies the remaining allegations in Paragraph 20.

*21.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common payroll policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.*

**Response:**     MLBAM denies the allegations in Paragraph 21 of the Complaint.

*22.     Class action treatment of Plaintiff's NYLL claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.*

**Response:**     MLBAM denies the allegations in Paragraph 22 of the Complaint.

23.    *The class, upon information and belief, includes well over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.*

**Response:**    MLBAM denies the allegations in Paragraph 23 of the Complaint.  Although MLBAM has employed more than 100 individuals during the three years preceding the filing of the Complaint, it denies that any of them has worked without appropriate pay or that this action is appropriate for class action treatment.

24.    *Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.*

**Response:**    MLBAM lacks information sufficient to form a belief as to the accuracy of the allegations in Paragraph 24 of the Complaint and on that basis denies those allegations.

25.    *Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.*

**Response:**    MLBAM lacks information sufficient to form a belief as to the accuracy of the allegations in Paragraph 25 of the Complaint and on that basis denies those allegations.

26.    *Questions of law and fact are common to all class members, because, inter alia, this action concerns Defendant's common payroll policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.*

**Response:**    MLBAM denies the allegations in Paragraph 26 of the Complaint.

27.    *Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual*

*class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.*

**Response:**   MLBAM denies the allegations in Paragraph 27 of the Complaint.

### COUNT I
### (Unpaid Overtime Under the FLSA)

*28.   All previous paragraphs are incorporated as though fully set forth herein.*

**Response:**   MLBAM incorporates all the preceding paragraphs of this Answer as if fully set forth herein.

*29.   The FLSA requires employers to pay employees overtime premium compensation calculated at 150% of their regular pay rate for hours worked over 40 per week. See 29 U.S.C. § 207(a)(1).*

**Response:**   Paragraph 29 of the Complaint consists of legal conclusions and thus does not call for a response.  To the extent a response is required, MLBAM denies the allegations in Paragraph 29 of the Complaint.

*30.   Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.*

**Response:**   MLBAM denies the allegations in Paragraph 30 of the Complaint.

### COUNT II
### (Unpaid Overtime Under the New York Minimum Wage Act)

*31.   All previous paragraphs are incorporated as though fully set forth herein.*

**Response:**   MLBAM incorporates all the preceding paragraphs of this Answer as if fully set forth herein.

*32.   The New York Minimum Wage Act, NYLL §§ 550, et al., empowers the New York State Commissioner of Labor to implement regulations entitling employees to overtime premium pay.  See generally Rocha v. Bakhter Afghan Halal Kababs, Inc., 44 F. Supp. 3d 337, 352-59*

*(E.D.N.Y. 2014).  Pursuant to this authority, the Commissioner has enacted a regulation that mirrors the FLSA's mandate that employees receive overtime premium compensation calculated at 150% of their regular pay rate for hours worked over 40 per week.  See 12 N.Y.C.R.R. § 142-2.2.*

**Response:**      Paragraph 32 of the Complaint consists of legal conclusions and thus does not call for a response.  To the extent a response is required, MLBAM denies the allegations in Paragraph 32 of the Complaint.

*33.      Defendant violated the New York law by failing to pay Plaintiff and the class overtime premium compensation for all hours worked over 40 per week.*

**Response:**      MLBAM denies the allegations in Paragraph 33 of the Complaint.

### COUNT III
### (Improper Wage Notices and Statements Under the New York Wage Theft Prevention Act)

*34.      All previous paragraphs are incorporated as though fully set forth herein.*

**Response:**      MLBAM incorporates all the preceding paragraphs of this Answer as if fully set forth herein.

*35.      The New York Wage Theft Prevention Act ("NYWTPA") requires that, at the time of hiring, employers provide employees with a written explanation of, inter alia, his/her "regular hourly rate and overtime rate of pay."  NYLL § 195(1)(a).  Defendant violated this requirement by failing to provide Plaintiff and other class members with any notice accurately describing the applicable regular or overtime pay rate during weeks in which both hourly and piece-rate work is performed.*

**Response:**      Paragraph 35 of the Complaint consists of legal conclusions and thus does not call for a response.  To the extent a response is required, MLBAM denies the allegations in Paragraph 35 of the Complaint.

36.     The NYWTPA requires that, "with every payment of wages," employers provide employees with a wage statement describing, inter alia, "their regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."   NYLL § 195(3).   Defendant violated this requirement by failing to provide Plaintiff and other class members with pay stubs or other wage statements that accounted for their regular and overtime work hours (inclusive of hours spent performing piece-rate work) or their regular or overtime pay rates (inclusive of the compensation attributable to piece-rate work).

**Response:**     Paragraph 36 of the Complaint consists of legal conclusions and thus does not call for a response.   To the extent a response is required, MLBAM denies the allegations in Paragraph 36 of the Complaint**.**

### *PRAYER FOR RELIEF*

*WHEREFORE*, *Plaintiff, on behalf of himself and* **each** *member of the class/collective, seeks the following relief:*

A.     *Unpaid overtime wages under the FLSA and New York law;*

B.     *Liquidated damages under the FLSA and New York law;*

C.     *Prejudgment interest under the FLSA and New York law;*

D.     *For each violation of NYLL § 195(1)(a)'s wage notice mandate, $50.00 for each workday of each class member's employment up to a total of $2,500.00 per class member;*

E.     *For each violation of NYLL § 195(3)'s wage notice mandate, $250.00 for each workday of each class member's employment up to a total of $5,000.00 per class member;*

F.     *Any declaratory relief deemed appropriate by the Court under NYLL § 198;*

G.     *Litigation costs, expenses, and attorneys' fees under the FLSA and New York law; and*

H.      *Such other and further relief as the Court deems just and proper.*

**Response:**      MLBAM respectfully requests that the Court determine that this case is not appropriate for class or collective action treatment, conclude that neither Plaintiff nor any other party is entitled to any relief from MLBAM whatsoever, enter judgment in favor of MLBAM, award MLBAM its cost of suit and such other relief as the Court deems appropriate, and dismiss this action with prejudice.

## *JURY DEMAND*

*Plaintiff demands a jury trial as to all claims so triable.*

**Response:**      MLBAM hereby demands a trial by jury with respect to all issues.

## DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiff and members of the putative class and collective are exempt from the requirements of overtime under the FLSA and New York law pursuant to the creative and/or learned professional exemption.

3.      New York law does not apply to any workweek in which Plaintiff or a member of the putative class performed no work within the physical territory of New York.

4.      New York law does not apply to any pay period in which Plaintiff or a member of the putative class performed no work within the physical territory of New York.

5.      The claims of Plaintiff and of members of the putative class and collective are barred by the applicable statutes of limitations under the FLSA and New York law to the extent that the claims involved reflect work performed outside the pertinent limitations periods.

6.      The claims of Plaintiff and of members of the putative class are barred by the applicable statute of limitations under New York law to the extent that the claims seek recovery based on disclosures made at the time of hire where those disclosures occurred outside the pertinent limitations period.

7.      MLBAM acted in good faith and not in a willful manner, rendering the FLSA's two-year statute of limitations applicable, rather than the three-year statute that applies to willful violations.

8.      MLBAM did not willfully commit any alleged violation of New York law and its corresponding regulations.

9.      The penalty provisions of New York's Wage Theft Protection Act relating to wage notices and pay statements are unconstitutional to the extent that they purport to impose punishment for non-willful conduct, without regard to the actual harm (if any) incurred, and without the procedural safeguard of a clear and convincing evidence standard, in violation of the Due Process Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment, as incorporated and made applicable to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

10.      Claims under the FLSA are not subject to pre-judgment interest.  In the alternative, pre-judgment interest is not available in addition to liquidated damages.

11.      This case does not satisfy the requirements for proceeding as a collective action under the FLSA.  Plaintiff is not similarly situated to other individuals.

12.      This case does not satisfy the requirements for proceeding as a class action under New York law.  Among other things, there are no common questions of law or fact, Plaintiff's claims are not typical of those of the class he seeks to represent, Plaintiff is not an adequate class

representative, common issues do not predominate over individualized issues, and a class action is not a superior form of adjudicating these claims.

13.     Allowing this case to proceed on a collective or class basis without permitting MLBAM to present evidence and defenses specific to each member of a collective or class would deny MLBAM its right to Due Process under the Fifth Amendment to the United States Constitution.

14.     Allowing this case to proceed on a collective or class basis in a manner that allows MLBAM the opportunity to present its defenses in a full and fair manner consistent with Due Process would violate the Seventh Amendment to the United States Constitution either by depriving MLBAM of a meaningful trial by jury or by violating the Reexamination Clause.

15.     MLBAM properly paid Plaintiff and its other employees in compliance with the FLSA and New York law.

16.     MLBAM properly and accurately disclosed wage rates and other terms and conditions of employment for Plaintiff and members of the putative class at the time of their hire.

17.     This Court should decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1367(c)(1) and/or (c)(2).

18.     As this case is in its early stages, MLBAM reserves the right to amend this Answer to assert additional defenses that become apparent as the case progresses.

Respectfully submitted,


/s/ Paul DeCamp
PAUL DECAMP (admitted *pro hac vice*)
MAXINE A. ADAMS
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C.  20037
Tel: 202-861-0900
Fax: 202-296-2882
PDeCamp@ebglaw.com
Madams@ebglaw.com

*Counsel for Defendant*

June 21, 2018