USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BEHRENS, *on behalf of himself and others similarly situated*,

    Plaintiff,

v.

MLB ADVANCED MEDIA, L.P.,

    Defendant.

1:18-cv-03077-PAE

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF**

**AND NOW**, upon consideration of Plaintiff Robert Behrens' ("Plaintiff's") "Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief" ("Motion") (Doc. 43), the accompanying "Class/Collective Action Settlement Agreement" (Doc. 43-1), the accompanying "Addendum to the Class/Collective Action Settlement Agreement" (Doc. 43-2), the accompanying Declarations of Robert Hyte (Doc. 43-3), Peter Winebrake (Doc. 43-4), and James Goodley (Doc. 43-5), the accompanying Memorandum of Law (Doc. 44), and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1.    The Court **CERTIFIES A SETTLEMENT CLASS** comprised of Plaintiff and 185 other individuals who (i) during any week between April 6, 2012 and December 19, 2016, were employed by Defendant MLB Advanced Media, L.P. ("Defendant") and underpaid through a combination of hourly and piece-rate pay and (ii) joined the settlement of this action by completing and returning a timely Settlement Claim Form. This settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Civil Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class

1

action is superior to other available methods for the fair and efficient adjudication of the controversy." In addition, the class "is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." Brecher v. Republic of Argentina, 802 F.3d 303, 304 (2d Cir. 2015) (internal quotations omitted).

2. The settlement requires Defendant to pay $1,439,465 plus all employer-side payroll taxes. The settlement fund will be distributed as follows: (i) $954,465 (plus employer-side payroll taxes) will be paid to the 186 class members; (ii) a $10,000 service award will be paid to Plaintiff; and (iii) $475,000 will be paid to Class Counsel to cover attorney's fees and expenses (including settlement administration expenses). The Court finds the $954,465 settlement payment to the 186 class members to be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and, therefore **APPROVES** such payment. This finding is supported by the evidence and arguments presented by Plaintiff in the Motion and accompanying documents and during the July 9, 2019 fairness hearing. In particular, the record establishes that all of the criteria described in Civil Rule 23(e)(2) (as amended effective December 1, 2018) favor approval.

3. The Court **APPROVES** the class members' waiver of their Fair Labor Standards Act ("FLSA") claim. FLSA settlements require judicial approval. See generally Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). However, "an FLSA settlement is examined with less scrutiny than a class action settlement; the court simply asks whether the proposed settlement reflects a fair and reasonable compromise of disputed issues that were reached as a result of contested litigation." Lizondro-Garcia v. Kefi LLC, 300 F.R.D. 169, 179 (S.D.N.Y. 2014). Here, this standard is met.

4. The Court **APPROVES** the payment of a $10,000 service award to Plaintiff.

2

5. The Court **APPOINTS** the law firms of Winebrake & Santillo, LLC and Jennings Sigmond, P.C. to serve as class counsel. The record establishes that these firms are qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A).

6. The Court **APPROVES** the payment of $475,000 to class counsel. As evidenced by the Declarations of Peter Winebrake and James Goodley, $15,843 of this amount will reimburse class counsel for reasonable litigation expenses to date, and class counsel expects the third-party settlement administrator to charge an additional $11,000. The remaining $448,157 will be paid to class counsel as attorney's fees. This fee payment – which amounts to 31.13% of the total $1,439,465 settlement fund – falls within the range of fee awards in other class action settlements. See Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 621 (E.D.N.Y. 2015) (fee equaling one-third of the settlement fund "is reasonable and 'consistent with the norms of class litigation in this circuit'") (citations omitted). In addition, the fee award is supported by the factors described in Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000).

7. This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

SO ORDERED this 9th day of July, 2019.

*Paul A. Engelmayer*

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York